Nathan Brinton, Pro Se Plaintiff

31606 NE 134th Ct,
Battle Ground, WA 98604
360-702-7846
natebrinton@gmail.com

SUPERIOR COURT FOR THE STATE OF WASHINGTON

FOR THE COUNTY OF CLARK

| | |
|---|---|
| NATHAN BRINTON,<br><br>         Plaintiff,<br><br>vs.<br><br>ONE TECHNOLOGIES, LLC,<br><br>JOHN DOES 1-10<br><br>         Defendant | Case No.:<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |

COMES NOW the Plaintiff, Nathan Brinton hereby alleges the following against One

Technologies, LLC.

## I. INTRODUCTION

1. This action is brought to recover damages for Defendants' persistent per se violations

of Fla. Stat. § 668.603, Cal. Bus. & Prof. Code § 17529.5, and the Washington Consumer

Protection Act ("CPA"), RCW 19.86 et seq. Defendants' violations of the Consumer Protection

Act are a result of Defendants' violations of the Commercial Electronic Mail Act ("CEMA"),

RCW 19.190 et seq.

COMPLAINT - 1

DocuSign Envelope ID: 06A3F28B-1F9F-401E-839F-7C8EE2AA2FFD

2. Defendants advertised, initiated, or assisted in the transmission of over 175 misleading and unsolicited bulk commercial email solicitations. These misleading and unpermitted email messages were sent to email addresses held by Plaintiff Nathan Brinton, a Washington resident.

## II. PARTIES

3. Nathan Brinton is the Plaintiff in this case. At all relevant times, Mr. Brinton was a resident of Clark County and a citizen of the United States.

4. One Technologies, LLC ("One Tech") is a Defendant in this case. One Tech is a foreign corporation headquartered in Dallas, Texas. One Tech markets and provides credit monitoring products nationwide, including in Washington. One Tech conducts business in Washington by, in part, initiating the transmission, conspiring to initiate the transmission, or assisting in the transmission of bulk commercial emails to Washington residents.

5. John Does 1-10 are Defendants in this case. To the best of Plaintiff's knowledge, One Tech did not send these emails directly. They employed the use of John Does to advertise and transmit the emails to Plaintiff's inbox. Plaintiff intends to conduct discovery to determine the identity of John Does and amend this complaint to include them.

## III. JURISDICTION AND VENUE

6. The Legislature has conferred jurisdiction over this action and similar actions to this Court. Jurisdiction is proper under RCW 19.86.090, RCW 19.86.160, and RCW 19.190.090.

7. The violations alleged in this complaint have occurred in whole or in part in Clark County and venue is proper in this Court.

DocuSign Envelope ID: 06A3F28B-1F9F-401E-839F-7C8EE2AA2FFD

8. One Tech is well aware that their emails are directed at Washington residents as they have been sued for these same violations in the state before.

## IV. FACTS

9. From August 2023 through the present Defendants have initiated transmission, conspired to initiate transmission, or assisted in the transmission of unsolicited, unpermitted, or misleading commercial electronic mail messages, otherwise known as "spam" to Plaintiff's email addresses.

10. The spam email messages Defendants caused to be sent misrepresented or obscured information about the point of origin and transmission path of the spam email. The messages used false or dishonest "from:" lines or obscured information in "from:" lines. The "from:" lines identify the address, person, or organization from which the email originated. Email recipients use the "from:" line to determine the sender of the email. The spam emails received by Plaintiff often used falsified "from:" lines. These falsified "from:" lines indicated the email originated from a nonexistent email address or domain name or otherwise obscured information about the sender. By obscuring the information in the "from:" lines, Defendants made it unreasonably difficult or impossible to discover the actual sender of the spam email. One of the spam messages received by Mr. Brinton, for example, used the "from:" line "Brintonnathan." Plaintiff did not send this message to himself, and it was not from someone with the same name as him.  The message was, instead, a commercial solicitation for One Tech's services.

11. The spam email messages Defendants caused to be sent used false or misleading information in the subject line. The subject line provides recipients with information about the content or subject of an email message. Email recipients use the subject line to determine the

COMPLAINT - 3

nature of the message they have received. One of the spam messages Mr. Brinton received, for example, used the subject line "You are on a hot streak! Your October scores just hit an all time high." Plaintiff is informed and believes that Defendant or its agents sent these emails without any knowledge of whether his score had in fact changed. These subject lines are false or misleading as they purport to have new information about Plaintiff's credit score, when in fact they are commercial solicitations for One Tech's services.

12. Defendants used third-party domain names without the permission of the third party. Defendants did so in both the header content of spam messages and within the content of spam messages. For example, many of the emails use storage.googleapis.com as the main call to action link. It is against Google's terms of service to use their APIs to promote "disruptive commercial messages or advertisements."

13. Defendants' actions caused spam emails to be sent to email addresses belonging to Mr. Brinton, a Washington resident. Mr. Brinton contacted the Defendants informing them of his residency and the unwanted emails he had received. Defendants ignored these messages and continued to cause spam email messages to be sent to Mr. Brinton.

14. Defendants' emails originated from several different servers in Florida, California, and Texas among others.

## V. LEGAL ALLEGATIONS

### COUNT ONE

### VIOLATION OF CONSUMER PROTECTION ACT, RCW 19.86 et seq.

15. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 9 through 14.

COMPLAINT - 4

16. Defendants violated the Commercial Electronic Mail Act, RCW 19.190 et seq., by initiating the transmission, conspiring to initiate the transmission, or assisting in the transmission of commercial electronic mail messages which misrepresented or obscured information identifying the point of origin of those messages.

17. Defendants violated the Commercial Electronic Mail Act, RCW 19.190 et seq., by using third-party domain names within the header information of spam emails and within the content of spam emails.

18. Defendants violated the Commercial Electronic Mail Act, RCW 19.190 et seq., by initiating the transmission, conspiring to initiate the transmission, or assisting in the transmission of commercial electronic mail messages with false or misleading information in the subject line.

19. Violations of the Commercial Electronic Mail Act, RCW 19.190 et seq., are violations of the Consumer Protection Act, RCW 19.86 et seq. 20. Violations of the Commercial Electronic Mail Act, RCW 19.190 et seq., are per se unfair and deceptive acts for purposes of Consumer Protection Act claims.

21. Defendants' commercial solicitations occurred in trade or commerce.

22. Violations of the Commercial Electronic Mail Act, RCW 19.190 et seq., are per se matters vitally affecting the public interest for purposes of Consumer Protection Act claims.

23. Violations of the Commercial Electronic Mail Act, RCW 19.190 et seq, establish the injury element of a Consumer Protection Act claim as a matter of law.

24. Violations of the Commercial Electronic Mail Act, RCW 19.190 et seq, establish the causation element of a Consumer Protection Act claim as a matter of law.

**COUNT TWO**

COMPLAINT - 5

DocuSign Envelope ID: 06A3F28B-1F9F-401E-839F-7C8EE2AA2FFD

25. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 9 through 14.

26. Defendants violated Cal. Bus. & Prof. Code § 17529.5 for every email that originated from a server in California.

27. Defendants violated Cal. Bus. & Prof. Code § 17529.5(a)(1), by using third-party domain names within the header information of spam emails and within the content of spam emails.

28. Defendants violated the Cal. Bus. & Prof. Code § 17529.5(a)(2), by initiating the transmission, conspiring to initiate the transmission, or assisting in the transmission of commercial electronic mail messages which misrepresented or obscured information identifying the point of origin of those messages.

29. Defendants violated Cal. Bus. & Prof. Code § 17529.5(a)(3), by initiating the transmission, conspiring to initiate the transmission, or assisting in the transmission of commercial electronic mail messages with false or misleading information in the subject line.

## COUNT THREE

30. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 9 through 14.

31. Defendants violated Fla. Stat. § 668.603 for every email that originated from a server in Florida.

32. Defendants violated Fla. Stat. § 668.603(1)(a), by using third-party domain names within the header information of spam emails and within the content of spam emails.

COMPLAINT - 6

33. Defendants violated the Fla. Stat. § 668.603(1)(b), by initiating the transmission, conspiring to initiate the transmission, or assisting in the transmission of commercial electronic mail messages that misrepresented or obscured information identifying the point of origin of those messages.

34. Defendants violated Fla. Stat. § 668.603(1)(c), by initiating the transmission, conspiring to initiate the transmission, or assisting in the transmission of commercial electronic mail messages with false or misleading information in the subject line.

## VI. DAMAGES AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

35. For judgment against the Defendants on all counts;

36. That the Court adjudge that each individual commercial electronic message Defendants caused to be sent was a separate and distinct violation of the Commercial Electronic Mail Act, RCW 19.190 et seq.;

37. For statutory liquidated damages as provided by RCW 19.190.040;

38. For treble damages as permitted by RCW 19.86.090;

39. For civil penalties under RCW 19.86.140;

40. For a permanent injunction, under RCW 19.86.090, prohibiting future and continuing violations of the Commercial Electronic Mail Act, RCW 19.190 et seq., by Defendants;

42. For statutory liquidated damages as provided by Cal. Bus. & Prof. Code § 17529.5(a)(3)(B)(ii)

41. For a permanent injunction as provided by Fla. Stat. § 668.606 to enjoin future violations of Fla. Stat. § 668.603 by Defendants.

COMPLAINT - 7

41.  For statutory liquidated damages as provided by Fla. Stat. § 668.606(3)(b)

43. For an award of attorney fees and other costs incurred during this action and/or to the fullest extent allowed by law or equity;

44. For prejudgment and post-judgment interests to the maximum allowable rate; and

45. For such other relief as this Court deems just and equitable.

Dated October 14th, 2023.

Nathan Brinton

Nathan Brinton, Pro Se Plaintiff
(360) 702-7846
31606 NE 134th Ct,
Battle Ground WA, 98604

COMPLAINT - 8

Exhibit 2 - Summons

(TV) 17OCT 2023

Nathan Brinton, Pro Se Plaintiff

31606 NE 134th Ct,
Battle Ground, WA 98604
360-702-7846
natebrinton@gmail.com

SUPERIOR COURT FOR THE STATE OF WASHINGTON

FOR THE COUNTY OF CLARK

NATHAN BRINTON,

                    Plaintiff,

vs.

ONE TECHONOLOGIES, LLC,

JOHN DOES 1-10

                    Defendant

Case No.:

SUMMONS (60 DAYS)

TO THE DEFENDANT: A lawsuit has been started against you in the above entitled court by Nathan Brinton, plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 60 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what she or he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days

COMPLAINT - 1

DocuSign Envelope ID: 06A3F28B-1F9F-401E-839F-7C8EE2AA2FFD

after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

      If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

      This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated October 13th, 2023.

*Nathan Brinton*

Nathan Brinton, Pro Se Plaintiff
(360) 702-7846
31606 NE 134th Ct,
Battle Ground WA, 98604

COMPLAINT - 2